1

2

3

4

5

6

7

8                          **IN THE UNITED STATES DISTRICT COURT**

9                          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    MICHAEL D. JOHNWELL,                        No.  2:25-CV-02738-DMC-P

12                          Petitioner,

13           v.                                    <u>ORDER</u>

14    LUIS GARNICA,

15                          Respondent.

16

17           Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18    habeas corpus under 28 U.S.C. § 2241.  Pending before the Court is Petitioner's original petition,

19    ECF No. 1.

20           Generally, a petitioner who wishes to challenge the legality of his conviction or

21    sentence must file a 28 U.S.C. § 2254 petition (for state prisoners) or 28 U.S.C. § 2255 motion

22    (for federal prisoners). See <u>Harrison v. Ollison</u>, 519 F.3d 952, 955 (9th Cir. 2008) (discussing §

23    2255, and the "savings clause" or the "escape hatch"); <u>Porter v. Adams</u>, 244 F.3d 1006, 1007 (9th

24    Cir. 2001) (order) (stating that a § 2255 motion is used for challenging the legality of a

25    conviction); <u>cf.</u> <u>McNeely v. Blanas</u>, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (noting that § 2254 is

26    inapplicable where petitioner is not challenging legality of state court judgment). Generally,

27    "§ 2241 provides a general grant of habeas authority that is available for challenges by a state

28    prisoner who is not in custody pursuant to a state court judgment, such as a defendant in pretrial

detention." <u>Bean v. Matteucci</u>, 986 F.3d 1128, 1131 (9th Cir. 2021) (citing <u>Dominguez v. Kernan</u>, 906 F.3d 1127, 1135 (9th Cir. 2018). Some examples of cases that should be filed under § 2241 rather than § 2254 or § 2255 include challenges to: (1) pretrial detention, <u>see</u> <u>McNeely</u>, 336 F.3d at 824 n.1; (2) parole decisions, <u>see</u> <u>Tyler v. United States</u>, 929 F.2d 451, 453 n.5 (9th Cir. 1991); and (3) sentencing credits, <u>see</u> <u>United States v. Giddings</u>, 740 F.2d 770, 772 (9th Cir. 1984).

   In screening the habeas petition brought under 28 U.S.C. § 2241, the court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Courts. <u>See</u> 28 U.S.C. foll. § 2254, Rule 4; <u>see</u> <u>also</u> <u>Id.</u>, Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

   Here, the petition does not contain a statement of facts to allow the Court to determine whether he has stated a cognizable claim for federal habeas relief in violation of Rule 2(c) (1)-(3). Petitioner asserts that his claim is properly raised as §2241 (c)(3) because he is challenging his detention based on "jurisdictional defects." ECF No. 1, pg. 2. However, the petition does not state what Petitioner was convicted of, where he was convicted, and does not provide sufficient information to determine whether these allegations are suitable for a § 2241 petition, rather than a § 2254 petition.

   Accordingly, Petitioner will be provided an opportunity to amend.  Petitioner is cautioned that failure to file a second amended petition within the time permitted therefor may result in dismissal of the entire action for lack of prosecution and failure to comply with Court rules and orders.  <u>See</u> Local Rule 110.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1.      Petitioner's original petition, ECF No. 1, is dismissed with leave to amend;

2.      Petitioner shall file a first amended petition on the form provided within 30 days of the date of this order; and

3.      The Clerk of the Court is directed to forward to Petitioner the court's form petition for state prisoners.


Dated:  October 28, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3