**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

MICHAEL D. JOHNWELL,

            Petitioner,

    v.

LUIS GARNICA,

            Respondent.

No.  2:25-CV-2738-TLN-DMC-P

FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Pending before the Court is Respondent's motion to dismiss the petition as untimely. See ECF No. 17. Petitioner filed an opposition in response to Respondent's motion. See ECF No. 19. Respondent filed a reply to the opposition. See ECF No. 20. Petitioner then filed a sur-reply.[1] See ECF No. 21.

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28

---

[1] Petitioner was not granted leave to file a sur-reply. However, because Petitioner's arguments in his sur-reply and opposition largely overlap, the Court will address the arguments in each.

1

U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).

Where, as here, a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

In this case, Petitioner was convicted of murder in Fresno County and sentenced to life without the possibility of parole plus twenty-five years to life on February 25, 2010. See ECF No. 16, Lod. Doc. 1. The California Court of Appeal affirmed the conviction and sentence on September 2, 2011. See id. at Lod. Doc. 2. The California Supreme Court denied direct review on November 16, 2011. See id. at Lod. Docs. Nos. 3, 4. Petitioner did not seek further review by the United States Supreme Court.  Therefore, the conviction became final 90 days later on February 14, 2012, and the one-year statute of limitations began running the next day on February 15, 2012. Because Petitioner filed no state post-conviction actions within the one-year limitation period, he is not entitled to tolling and the statute of limitations expired on February 14, 2012.  Accordingly, the Court agrees with Respondent in finding that the instant petition is untimely.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss, ECF No. 17, be GRANTED;

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 30, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3