UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. JOHNWELL,<br>Petitioner,<br>v.<br>LUIS GARNICA,<br>Respondent. | No. 2:25-cv-2738-TLN-DMC<br>**ORDER** |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On July 10, 2026, the magistrate judge filed findings and recommendations herein which were served on the parties, and which contained notice that the parties may file objections within the fourteen days. (ECF No. 23.) No objections to the findings and recommendations were filed.

The Court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court[.]"). The Court has reviewed the file and finds the findings and recommendations to be supported by the

record and by the magistrate judge's analysis. However, the Court finds the statute of limitations period expired on February 14, 2013 (rather than 2012) (ECF No. 23 at 2) — one year after the limitation period began to run on February 15, 2012.[1]

Pursuant to Rule 11(a) of the Federal Rules Governing § 2254 Cases, the Court has considered whether to issue a certificate of appealability. Before Petitioner can appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the Petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. *See* Fed. R. App. P. 22(b). Where the Petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473 (2000)). For the reasons set forth in the magistrate judge's findings and recommendations, the Court finds that issuance of a certificate of appealability is not warranted in this case.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed July 10, 2026 (ECF No. 23) are ADOPTED in full.

2. Respondent's Motion to Dismiss (ECF No. 17) is GRANTED.

3. The First Amended Petition for Writ of Habeas Corpus (ECF No. 9) is DISMISSED as untimely.

4. The Court declines to issue a certificate of appealability.

5. The Clerk of the Court is directed to enter judgment and close the case.

---

[1] The Court assumes, based on context, that 2012 was a typo because the magistrate judge's reasoning is otherwise sound.

IT IS SO ORDERED.

DATE: September 10, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE